Raleigh DIXON and Rosa Dixon and Thelma Muse

v.

Thomas ASHLEY and Martha Balogh and Ralph McKeithan and Hertz, Inc.

Civ. A. No. 86–3025.

United States District Court, E.D. Pennsylvania.

Aug. 13, 1986.

Laurence Berk, Philadelphia, Pa., for plaintiffs.

James Paul Dornberger, Philadelphia, Pa., for Ralph McKeithan.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

The plaintiffs Raleigh Dixon, Rosa Dixon and Thelma Muse brought this action

against the defendants for damages for alleged personal injuries arising out of a motor vehicle collision which took place on May 28, 1984, on U.S. Interstate Highway I–95 in the State of Maryland, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Presently before the court is the motion to dismiss of defendant Ralph McKeithan for lack of *in personam* jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. For the reasons which follow, the motion is granted.

In disposing of a motion to dismiss for lack of personal jurisdiction the allegations complained of must be taken as true. *In Re Arthur Treachers Franchise Litigation*, 92 F.R.D. 398, 409–410 (E.D.Pa.1981). Indeed, "the plaintiff is entitled to every favorable inference which can be drawn from the pleadings, affidavits and exhibits." *Id.* at 410. Nevertheless, it is well established that "once the court's in personam jurisdiction is challenged by the defendant, the plaintiff has the ultimate burden of proving that the non-resident defendant's activities in the forum state are sufficient to bring it within the reach of the court's jurisdiction." *Strick Corp. v. A.J.F. Warehouse Distrib., Inc.*, 532 F.Supp. 951, 953 (E.D.Pa.1982) (citations omitted).

To determine if personal jurisdiction exists, the court must look to the law of the state in which it sits, *Bucks County Playhouse v. Brashaw*, 577 F.Supp. 1203, 1206 (E.D.Pa.1983).

It is well settled under Pennsylvania law that a court may exercise personal jurisdiction over a non-resident defendant only so long as there exists "minimum contacts" between the defendant and the forum state. *Kenny v. Alexson Equipment Co.*, 432 A.2d 974, 980, 495 Pa. 107 (1981) citing *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *see also* 42 Pa.C.S.A. § 5308.

The concept of minimum contacts serves two purposes. It protects the defendant against the burdens of litigation in a distant or inconvenient forum, and, more importantly, it ensures that the states,

through their courts, do not reach out beyond the limits imposed on them by the Constitution. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 564–65, 62 L.Ed.2d 490 (1980). Under minimum contact analysis, the Supreme Court has made clear certain factors which must be considered: (1) has the defendant purposefully availed himself of the privilege of conducting activities within the forum state; *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958); (2) did the cause of action arise from the defendant's activities within the state; *McGee v. International Life Insurance Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957); and (3) were the acts of the defendant in the forum state substantial enough to make the exercise of jurisdiction over him reasonable. *International Shoe v. Washington, supra* 326 U.S. at 317, 66 S.Ct. at 158–59; *see also Rush v. Savchuk*, 444 U.S. 320, 329, 100 S.Ct. 571, 577–78, 62 L.Ed.2d 516 (1980). Consideration of these factors is designed to test whether the "defendant's conduct and connection with the forum state [was] such that he should reasonably anticipate being hauled into court there." *Worldwide Volkswagen Corp. v. Woodson, supra* 444 U.S. at 297, 100 S.Ct. at 567.

In the case *sub judice*, even allowing the plaintiffs every favorable inference which can be drawn from the pleadings, we find the plaintiffs have failed to meet their burden of proving in personam jurisdiction over the defendant McKeithan. As to the first factor, the plaintiffs have offered no evidence that McKeithan has purposefully availed himself of the privilege of conducting activities within Pennsylvania. In fact, the plaintiffs do not allege that McKeithan performed any activity in the forum nor any activity directly related to the forum. The only allegation of contact with the forum state that the plaintiffs offer is that McKeithan allegedly "caused substantial personal injuries to three citizens [of Pennsylvania]." This averment does not satisfy the second factor above because, although the cause of action does arise from the

defendant's activities, those activities occurred in Maryland and not within the forum state. As to the third factor above, since the plaintiffs have not alleged any acts of McKeithan in the forum state, we have no basis upon which to find an exercise of jurisdiction reasonable.

McKeithan has presented this court with an unopposed affidavit that he is and has been a lifelong citizen of Connecticut, has never worked in nor made his home in Pennsylvania, and that on the trip on which the automobile collision occurred in Maryland, he did not pass through the Commonwealth of Pennsylvania. Therefore, we find that the plaintiffs have failed to meet their burden of proving "minimum contacts" with the forum state by McKeithan and we grant the motion to dismiss for lack of in personam jurisdiction.

We note that dismissing the complaint against the defendant McKeithan will not prejudice the plaintiffs in that this action may still be brought in Maryland since the statute of limitation for personal injury civil actions is three years under Md.Ann. Code, Courts and Judicial Proceedings, § 5–101.